UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ISRAEL NAVARRO,**

**Plaintiff,**                                    Case No.:

v.

**APPRIOHEALTH, LLC**
A Foreign Limited Liability Company

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ISRAEL NAVARRO (hereinafter referred as "NAVARRO" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant APPRIOHEALTH, LLC (hereinafter "APPRIOHEALTH" individually or "DEFENDANT"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. DEFENDANT violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. NAVARRO is in individual residing in Volusia county.

2. APPRIOHEALTH is a company that interviews hospital emergency room patients and determines their eligibility for Medicare and Medicaid coverage.

3. NAVARO was employed at DEFENDANT'S Orlando, Florida location.

4. By the very nature of its work, DEFENDANT is a corporation that is engaged in commerce.

5. DEFENDANT is engaged in an industry affecting commerce.

6. DEFENDANT employs more than fifty (50) employees.

7. DEFENDANT employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

8. Plaintiff is an "employee" as defined by the FMLA.

9. DEFENDANT is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for DEFENDANT in Orange County, Florida.

13. DEFENDANT conducts business in Orange County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. NAVARRO was hired by DEFENDANT on or about October 26, 2018.

16. NAVARRO worked as a Patient Care Advocate for DEFENDANT.

17. Plaintiff worked for DEFENDANT from approximately October 26, 2018 to January 28, 2020.

18. Plaintiff was an employee in good standing.

19. Plaintiff did not have any disciplinary actions on his record.

20. Plaintiff received one or more raised with DEFENDANT.

21. Plaintiff was employed with DEFENDANT for more than one (1) calendar year leading up to November 2019.

22. Plaintiff worked over 1,250 hours for DEFENDANT during the year immediately preceding November 2019.

23. In November 2019, Plaintiff was told by his doctor that he needed hip surgery.

24. In November 2019, Plaintiff informed the DEFENDANT of the operation.

25. In November 2019, Plaintiff asked Ms. Nicole Lee what his options were for medical leave.

26. Ms. Lee indicated that he should apply for FMLA leave so that his job would be secure after he recovered from surgery.

27. Plaintiff followed the Company's instructions and applied for FMLA on or around November 14, 2019.

28. FMLA was approved on or around November 22, 2019.

29. His surgery was scheduled for January 29, 2020.

30. Even though the Company knew of his upcoming surgery and approved FMLA leave, it fired Plaintiff on January 28, 2020.

31. The Company claimed that other employees were also terminated.

32. However, more than 30 new Patient Care Advocates were hired during the time period at-issue.

33. This was clearly a pretext for firing Plaintiff for taking FMLA leave.

## COUNT I - INTERFERENCE UNDER THE FMLA

34. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

36. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

37. DEFENDANT was Plaintiff's employer as defined by the FMLA.

38. Plaintiff gave DEFENDANT proper notice of his intention and need for FMLA leave.

39. DEFENDANT approved Plaintiff's FMLA request.

40. DEFENDANT terminated Plaintiff the day before he was to begin leave.

41. Plaintiff's termination was an adverse employment action.

42. DEFENDANT terminated Plaintiff because of his FMLA leave and/or FMLA related requests.

43. DEFENDANT'S acts and omissions constitute interference with Plaintiff's rights under the FMLA.

44. As a direct, natural, proximate and foreseeable result of the actions of DEFENDANT, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

45. Plaintiff has no plain, adequate or complete remedy at law for the actions of DEFENDANT, which have caused and continue to cause irreparable harm.

46. DEFENDANT'S violations of the FMLA were willful.

47. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a.    judgment in his favor and against DEFENDANT for their interference with his rights under the FMLA;

    b.    judgment in his favor and against DEFENDANT for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of DEFENDANT'S conduct;

    c.    judgment in his favor and against DEFENDANT for his reasonable attorneys' fees and litigation expenses;

    d.    judgment in his favor and against DEFENDANT for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that DEFENDANT'S practices toward Plaintiff violate his rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

48. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

49. Plaintiff was, at all times relevant, employed by DEFENDANT.

50. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

51. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

52. Plaintiff's request to utilize FMLA leave was protected activity.

53. Plaintiff's request to submit FMLA leave paperwork to DEFENDANT was protected activity.

54. Plaintiff gave DEFENDANT proper notice of his intention and need for FMLA leave.

55. DEFENDANT approved Plaintiff's FMLA request.

56. DEFENDANT terminated Plaintiff the day before he was scheduled to begin leave.

57. Plaintiff's termination was an adverse employment action.

58. Plaintiff was terminated because of his attempt to use or usage of FMLA leave.

59. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

60. DEFENDANT was Plaintiff's employer as defined by the FMLA.

61. DEFENDANT discriminated and/or retaliated against Plaintiff because DEFENDANT knew he was eligible for leave under the FMLA.

62. DEFENDANT discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

63. DEFENDANT had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

64. DEFENDANT'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

65. DEFENDANT'S discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

66. DEFENDANT'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

67. As a direct, natural, proximate and foreseeable result of the actions of DEFENDANT, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of DEFENDANT, which have caused and continue to cause irreparable harm.

69. DEFENDANT'S violations of the FMLA were willful.

70. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in his favor and against DEFENDANT for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b. judgment in his favor and against DEFENDANT for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of DEFENDANT'S conduct;

    c. judgment in his favor and against DEFENDANT for his reasonable attorneys' fees and litigation expenses;

    d. judgment in his favor and against DEFENDANT for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

      e.    declaratory judgment that DEFENDANT'S practices toward Plaintiff violate his rights under the FMLA; and

      f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this _6th_ day of October, 2020.

Respectfully submitted,
*/s/ Carlos Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office:    (407) 574-4999
Facsimile: (833) 813-7513
E-mail: cleach@theleachfirm.com
E-mail: maugello@theleachfirm.com
*Attorneys for Plaintiff*